IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**
January 25, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____pg_____
DEPUTY

| | |
|---|---|
| **MY KIM TRAN AND HIEU HO,** § | |
| *Plaintiffs,* § | |
| § | |
| v. § | Civil Action No. 1:23-cv-00207-DAE |
| § | |
| **MERIDIAN SECURITY INSURANCE** § | |
| **COMPANY,** § | |
| *Defendant.* § | |

## DEFENDANT'S FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE:

COMES NOW Defendant, Meridian Security Insurance Company ("Defendant" or "Meridian"), and files this First Amended Answer to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. No answer to Paragraph 1 is required as it merely states that Plaintiffs intend to conduct discovery at Level 3 pursuant to Rule 190 of the Texas Rules of Civil Procedure. After removal to federal court, this case is now governed by a Scheduling Order entered by the Court.

### II.
### PARTIES

2. Defendant admits the allegations in Paragraph 2 of Plaintiffs' Original Petition.

3. Defendant admits the allegations in Paragraph 3 of Plaintiffs' Original Petition.

### III.
### JURIDICTION AND VENUE

4. After removal to federal court, subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a). Venue is proper in the Western District of Texas, Austin Division pursuant to 28 U.S.C. § 1391(b)(2).

5. Defendant re-states its answer in Paragraph 4.

6. Defendant re-states its answer in Paragraph 4.

## IV.
## FACTS

7. Defendant admits that Plaintiffs are named insureds under Homeowners Property Insurance Policy No. 1000854554 issued by Meridian for the coverage period June 9, 2020 through June 9, 2021.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant admits it issued the Policy to Plaintiffs.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant admits Plaintiffs reported a claim for hail damage on July 16, 2021, Claim No. PR-0000000-378491. All other allegations are denied.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant promptly inspected the Property and issued a partial denial of coverage on October 7, 2021. No payment was issued as the covered loss did not exceed the deductible. All other allegations are denied.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

## V.
## CAUSES OF ACTION

29. Defendant denies the allegations in Paragraph 29.

## VI.
## BREACH OF CONTRACT

30. Defendant admits the allegations of Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

## VII.
## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

## VIII.
## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

## IX.
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47. Defendant denies the allegations in Paragraph 47

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

## X.
## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

## XI.
## COMMON LAW FRAUD

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

## XII.
## DAMAGES

58. No answer is required as to Plaintiffs' allegations about the amount and elements of damages they are seeking. All other allegations are denied.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. No answer is required as Plaintiffs are merely denying that they are making a claim for relief under federal law.

## XIII.
## JURY DEMAND

69. No answer is necessary as Plaintiffs are merely requesting a jury trial.

## XIV.
## REQUEST FOR DISCLOSURE

70. No answer is necessary as the case has been removed to federal court and the Texas Rules of Civil Procedure regarding disclosures do not apply.

## XV.
## AFFIRMATIVE DEFENSES/POLICY DEFENSES

71. **Failure to Mitigate.** Plaintiffs have failed to take reasonable steps to avoid or mitigate their damages.

72. **Lack of Coverage.** Defendant pleads lack of coverage as part of Plaintiffs' alleged damage is excluded under the terms of the Policy. Specifically, the Policy contains the following exclusions:

> SECTION I – PERILS INSURED AGAINST
> A. Coverage A – Dwelling and Coverage B – Other Structures
> 1. We insure against risk of direct physical loss to property described in Coverages A, B:
> 2. We do not insure, however, for loss:
>    a. Excluded under Section I – Exclusions;
>    …
>    c. Caused by:
>       …
>       (6) Any of the following:
>           (a) Wear and tear, marring, deterioration;
>           (b) Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;
>           (c) Smog, rust or other corrosion, or dry rot;
>           …
>           (f) Settling, shrinking, bulging or expansion, including resultant cracking of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs, or ceilings.
>
> …
>
> SECTION I - EXCLUSIONS
>
> A.   We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

>   …
>
>   5. Neglect
>   Neglect means neglect of an "insured" to use all reasonable means to save and preserve property at and after the time of a loss.
>
> B. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this Policy is covered.
>
>   …
>
> 3. Faulty, inadequate, or defective:
>    a. Planning, zoning, development, surveying, siting;
>    b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>    c. Materials used in repair, construction, renovation or remodeling;
>    d. Maintenance; of part or all of any property whether on or off the "residence premises".

73. **Bona Fide Controversy.** A *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement to insurance benefits from Defendant. Defendant has a reasonable basis for its conduct based upon its investigation. Moreover, Defendant would show that a *bona fide* controversy existed and that liability, if any, under the Policy was not reasonably clear and remains so to date. The existence of a *bona fide* dispute precludes a finding of bad faith on the part of Defendant.

74. **Limitations on Damages, Occurrence Limits, and Deductibles**. Defendant's liability, if any, for damages in this case are limited by various provisions of the Policy. These include the limits of liability provided for on the Declarations Pages of the Policy, as well as the deductible applicable to the loss which is also included on the Declarations Pages.

WHEREFORE, PREMISES CONSIDERED, Defendant Meridian Security Insurance Company respectfully prays that upon final hearing hereof, Plaintiffs take nothing by their suit, that Defendant Meridian Security Insurance Company be discharged with its costs; and that

Meridian Security Insurance Company have such other and further relief to which it may be justly entitled.

                                              Respectfully submitted,

                                              **HANNA & PLAUT, L.L.P.**
                                              211 East Seventh Street, Suite 600
                                              Austin, Texas 78701
                                              Telephone:   (512) 472-7700
                                              Facsimile:    (512) 472-0205

                                              By:   */s/ Catherine L. Hanna*
                                                       Catherine L. Hanna
                                                        State Bar No. 08918280
                                                       channa@hannaplaut.com
                                                       Sheila S. Tan
                                                       State Bar No. 24078047
                                                       stan@hannaplaut.com

                                              **ATTORNEYS FOR DEFENDANT**
                                              **MERIDIAN SECURITY INSURANCE**
                                              **COMPANY**

## CERTIFICATE OF SERVICE

      I hereby certify that on January 5, 2024, a true and correct copy of this document was filed via the Court's ECF system pursuant to LR5.1. The notice of electronic filing generated by the ECF system constitutes service of the document on counsel who are registered users of the system. Any other counsel of record will be served pursuant to FRCP 5(b) on this same date.

| | |
|---|---|
| Katherine C. Hairfield | *Via Email:* khairfield@hodgefirm.com |
| Shaun W. Hodge | *Via Email:* shodge@hodgefirm.com |
| THE HODGE LAW FIRM, PLLC | |
| 1301 Market Street | |
| Galveston, Texas 77550 | |
| *Attorneys for Plaintiffs* | |

                                                */s/ Catherine L. Hanna*
                                                Catherine L. Hanna