UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MY KIM TRAN AND HIEU HO,<br><br>*Plaintiffs,*<br><br>v.<br><br>MERIDIAN SERCURITY INSURANCE COMPANY<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 1:23-CV-00207-DAE<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' FIRST AMENDED COMPLANT**

TO THE HONORAABLE JUDGE OF SAID COURT:

COMES NOW My Kim Tran and Hieu Ho (hereinafter referred to as "Plaintiffs"), and pursuant to Fed. R. Civ. P. 8(a), 15(a)(2), and leave of this Court heretofore given, files this their First Amended Complaint, complaining of Defendant Meridian Security Insurance Company, ("Defendant," "Insurer," "Meridian"), and for causes of action and grounds therefore, Plaintiffs would respectfully show this Honorable Court the following:

**I.
INTRODUCTION AND BRIEF SUMMARY OF PROCEEDINGS**

1.  Plaintiffs commenced this case by the filing of their Original Petition in the 395th Judicial District Court of Williamson County, Texas on January 25, 2023. (Doc. 1). Defendant Meridian removed such case to this Court on February 24, 2023, (Doc. 1), and it was assigned to this Honorable Judge. Plaintiff files this First Amended Complaint.

**III.
PARTIES**

1

2.  Plaintiffs My Kim Tran and Hieu Ho are individual persons residing in and domiciled in Williamson County, Texas.

3.  Defendant Meridian Security Insurance Company is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas. It has heretofore been served with process and has generally appeared herein and removed this case to this Court. (Doc. 1).

## IV.
## JURISDICTION AND VENUE

*4.*  On February 24, 2023, this case was removed by the Defendant Meridian from the 395th Judicial District Court of Williamson County, Texas wherein such case was Cause No. 23-0127-C395 styled *My Kim Tran and Hieu Ho vs. Meridian Security Insurance Company.* In said removing Defendant's Notice of Removal, (Doc. 1), it alleged this Court's jurisdiction over it and Plaintiff. (Id.).

5.  Plaintiffs agree with Defendant Meridian that this Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiffs, as citizens of Texas, and Texas non-citizen Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Therefore, this Court has diversity jurisdiction and specific personal jurisdiction, as well as general jurisdiction, over all the Parties pursuant to 28 U.S.C. §1332(a)(1).

6.  In addition, this Court has jurisdiction over Defendant Meridian because said Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of said Defendant's business activities in the State of Texas.

7.  Venue is proper in this the Western District of Texas, and in this Austin Division thereof, because the insured property at issue is situated in this District and Division, the events giving rise to this lawsuit occurred therein, and the state court where the lawsuit was originally filed was located within this District and Division.

8. While neither the Parties' agreement or stipulation nor waiver alone would vest this Court with proper jurisdiction or venue, neither Party contests either.

## V.
## CONDITIONS PRECEDENT

9. Plaintiffs allege that with regard to their claims against Defendant Meridian based upon breach of contract, to the extent that such are deemed necessary, all conditions precedent have occurred and/or been performed as might be required by law.

## VI.
## UNDERLYING FACTS SUPPORTING PLAINTIFF'S CLAIMS

10. Pursuant to Fed. R. Civ. P. 8, Plaintiffs herewith provides facts surrounding this matter. The provision of the following summary of facts is expressly intended to provide Defendant Meridian and this Court with an understanding of their claims and the bases therefore; and, to place said Defendant on fair notice of why they claim against it and why. Fed. R. Civ. P. 8 requires no more.

11. At all times material to this suit, Plaintiffs were the owner of Texas insurance policy 1000854554 ("Policy"), which was issued by Defendant Meridian, effective between the dates of 06/09/2020 and 06/09/2021. Such Policy was in full force and effect between the Parties at all times material to this suit and the claims Plaintiffs herein assert against Defendant Meridian.

12. At all times material to this suit, Plaintiffs owned and continue to own the insured property, a single-family residential home which is specifically located at 3 Old Oak Drive, Round Rock, Texas 78665-9743 ("Property").

13. Defendant Meridian sold the Policy insuring the Property to Plaintiffs, in exchange for which Plaintiffs timely paid all premiums due and owing to the Defendant insurer.

14.     On or about April 15, 2021, a wind/hailstorm caused extensive damage to Plaintiffs' insured Property, including structural damage to their home.

15.     Plaintiffs timely and properly and in conformity with the Policy's terms and provisions, submitted a number of claims pertaining to their damaged home and personal property to Defendant Meridian based upon said Policy. Pursuant thereto, they requested Defendant Meridian to promptly investigate such claims for damages to their stated Property sustained as a result of the storm event and to properly and promptly pay for necessary repairs, remediation and replacement of their stated losses. Upon information and belief after reasonable investigation, Defendant Meridian acknowledges receipt of such claims and assigned to them its claim number PR-0000000-3784913023266.

16.     Defendant Meridian did inspect the Property, but neither timely nor in any way reasonably. Defendant Meridian did not and has not to this very day issued full, reasonable payment to Plaintiffs for all of their claimed Property damages. Defendant Meridian, on multiple occasions, failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

17.     As detailed in the paragraphs below, Defendant Meridian wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant Meridian underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

18.     To date, Defendant Meridian continues to delay in the payment for the damages to the property. As such, Plaintiffs has not been paid in full for the damages to the Property.

19.     Defendant Meridian failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs. Defendant Meridian's conduct constitutes a breach of the insurance contract between Defendant Meridian and Plaintiffs.

20.     Defendant Meridian failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of said Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of said Plaintiff's claim. Defendant Meridian's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

21.     Defendant Meridian failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Meridian's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

22.     Defendant Meridian failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs has not received full payment for the claim. Defendant Meridian's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

23. As a result of Defendant Meridian's wrongful acts and omissions, Plaintiffs was forced to retain the professional services of the undersigned attorney and law firm for representation with respect to these causes of action.

## VII.
## CLAIMS FOR RELIEF AND CAUSES OF ACTION

24. Defendant Meridian is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code: The Prompt Payment of Claims, as hereafter specified.

### A. BREACH OF CONTRACT:

25. The aforementioned Texas insurance policy 1000854554 issued by Defendant Meridian to Plaintiffs was, at all times material to this case, a valid, binding and enforceable written insurance Policy contract made between said Parties and each Party agreed to be bound by the terms thereof, and for which Plaintiffs paid and Defendant Meridian received good and valuable consideration, *to wit* all Policy premiums timely paid and received.

26. Defendant Meridian's above-described Policy- and claim-related conduct and/or an intentional lack thereof, constitutes a breach of the insurance Policy contract made between Defendant Meridian and Plaintiffs, for which Defendant Meridian can and should be held liable.

27. Defendant Meridian's failure and/or refusal, as described above, to pay the adequate compensation to Plaintiffs for covered claims made, as it was obligated to do under the terms of the Policy at issue and under the laws of the State of Texas, constitutes an actionable breach of Defendant's insurance Policy contract with Plaintiffs.

28. Defendant Meridian's actionable breach of Defendant's insurance Policy contract with Plaintiffs directly and proximately and foreseeably caused injuries and damages to Plaintiffs as hereinafter stated and specified.

29. In regard to any and all damages claims herein asserted by Plaintiffs, all conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS:

30. Each and all of the Policy claims made by Plaintiffs were claims made under the insurance Policy with Defendant Meridian regarding which said Plaintiff gave proper notice. Defendant Meridian is liable for each of said claims. Defendant Meridian's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

31. Defendant Meridian's failure to acknowledge receipt of Plaintiffs' claims, commence investigation of the claim, and/or request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.060.

32. Defendant Meridian's failure to notify Plaintiffs in writing of its acceptance or rejection of her claims within the applicable time constraints, constitutes a non-prompt payment of the claim, pursuant to Tex. Ins. Code § 542.056.

33. Defendant Meridian's delay of the payment of Plaintiffs' claims following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim, pursuant to Tex. Ins. Code § 542.058.

7

34. Each of the foregoing unfair settlement practices were completed knowingly by Defendant Meridian and were a producing cause of Plaintiffs' injuries and damages as hereinafter stated and specified.

## VIII.
## PLAINTIFF'S DAMAGES

35. Upon the trial of this case, Plaintiffs will show that they have sustained damages as a result of Defendant Meridian's actionable and improper conduct. Plaintiffs respectfully request this Court and a duly empaneled jury to award the amount of loss Plaintiffs have incurred in the past and will in reasonable probability incur in the future.  There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiffs for their injuries, damages, and losses, incurred and in reasonable probability to be incurred.  From the date of the occurrence in question until the time of trial of this cause, Plaintiffs seeks every element of damage allowed by Texas law with respect to the causes of action mentioned and asserted above, including but not limited to Plaintiffs' actual damages, policy benefits, statutory pre-judgment interest and post-judgment interest, and reasonable attorneys' fees.

36. Plaintiffs would show that all of Defendant Meridian's aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by said Plaintiff.

37. For breach of the Policy contract, Plaintiffs is entitled to regain the benefit of the bargain, which is the amount of her Policy-based claims, together with attorney's fees and pre-judgment interest, as provided in Texas statutory and common law.

38. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the claims amounts, as well as eighteen (18) percent interest per annum on the amount of such claims as damages, together with attorney's fees, pursuant to Tex. Ins. Code § 542.060.

39.     For the prosecution and collection of each and all of the foregoing claims, Plaintiffs have been compelled to engage the services of the attorney and law firm whose names are subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiff's stated attorneys in the preparation and trial of this action, including any appeals to the Texas Court of Appeals and/or the Supreme Court of Texas.

## IX.
## JURY REQUEST AND/OR DEMAND

40.     Plaintiffs respectfully asserts their right, pursuant to the Seventh Amendment to the United States Constitution, for trial by jury on all issues of fact and law to which they are entitled; and, pursuant thereto they hereby respectfully request and/or demand the same. Such jury request and/or demand is timely and properly made pursuant to Fed. R. Civ. P. 38(a) and (b)(1) and Local Rule 38, (L.R. 38.1), of this Honorable Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that final judgment be rendered for them as against Defendant Meridian and that pursuant thereto they do have and recover of and from said Defendant damages as follows:

1) Judgment against Defendant Meridian for actual damages in an amount to be determined by the jury;

2) Statutory benefits as provided for in Texas statutory law;

3) Pre-judgment interest as provided by Texas statutory law;

4) Post-judgment interest as provided by Texas statutory law;

5) Reasonable attorneys' fees as provided by Texas statutory law;

6) Costs of suit, as provided by Texas statutory law and/or federal statute, the Federal Rules of Civil Procedure and the Rules of this Court; and,

7) Such other and further relief, whether based upon statutory or common law, at law or in equity which Plaintiffs may have shown herself justly entitled to receive.

Respectfully Submitted,

By: /s/ *Katherine C. Hairfield*
    **THE HODGE LAW FIRM, PLLC**
    **Katherine C. Hairfield**
    Texas Bar No. 24117833
    khairfield@hodgefirm.com
    **Shaun W. Hodge**
    Texas Bar No. 24052995
    shodge@hodgefirm.com
    1301 Market St.
    Galveston, Texas 77550
    Telephone: (409) 762-5000
    Facsimile: (409) 763-2300

    **ATTORNEYS FOR PLAINTIFFS**